1 │ RANDY S. GROSSMAN
  │ Acting United States Attorney
2 │ MELANIE K. PIERSON
  │ Assistant United States Attorney
3 │ California Bar No. 112520
  │ Federal Office Building
4 │ 880 Front Street, Room 6293
  │ San Diego, California 92101-8893
5 │ Telephone: (619) 546-7976
  │ Email: Melanie.Pierson@usdoj.gov
6 │
7 │ TODD KIM
  │ Assistant Attorney General
8 │ STEPHEN DA PONTE
  │ Trial Attorney
9 │ Florida Bar No. 58454
  │ 150 M Street, N.E.
10│ Washington, D.C. 20002
  │ Telephone: (202) 305-2729
11│ Email: Stephen.DaPonte@usdoj.gov



12│ Attorneys for United States of America

13│

14│            UNITED STATES DISTRICT COURT

15│           SOUTHERN DISTRICT OF CALIFORNIA

16│ UNITED STATES OF AMERICA,        Case No.  22cr1802-JO

17│              Plaintiff,

18│        v.                        PLEA AGREEMENT

19│ NEW TRADE SHIP MANAGEMENT S.A.,

20│              Defendant.

21│     IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

22│ AMERICA, through its counsel, Randy S. Grossman, Acting United States

23│ Attorney, Melanie K. Pierson, Assistant United States Attorney, Todd

24│ Kim, Assistant Attorney General, and Stephen Da Ponte, Senior Trial

25│ Attorney, and Defendant NEW TRADE SHIP MANAGEMENT S.A., with the advice

26│ and consent of George M. Chalos, Esq., counsel for Defendant, as

27│ follows:

28│ //

Plea Agreement                                    Def. Initials _____

I

**THE PLEA**

1.    Defendant agrees to waive Indictment and plead guilty to Count 1 of an Information charging Defendant with:

> On or about February 22, 2022, within the navigable waters, internal waters, and ports of the United States in the Southern District of California, NEW TRADE SHIP MANAGEMENT S.A., the defendant, acting through its agents and employees, did knowingly fail to maintain an accurate Oil Record Book for the Longshore. All in violation of Title 33, United States Code, Section 1908(a); and Title 33, Code of Federal Regulations, Section 151.25.

2.    Defendant shall be represented by an authorized representative and by counsel (counsel may be the authorized representative) and shall appear in open court and plead guilty to the one-count Information pending in this case. By entering into this Agreement, Defendant waives any right to have the facts that the law makes essential to the punishment either charged in the Information, proved to a jury, or proven beyond a reasonable doubt.

3.    In furtherance of this (or related) prosecution(s) Defendant shall:

(a)  truthfully and completely disclose all information with respect to the activities of the company, its present and former officers and employees, and others concerning all matters about which the Government inquires of it;

(b)  cooperate fully with the Government and any other law enforcement agency designated by the Government;

(c)  at the request of the Government, use its best efforts promptly to secure the attendance and truthful statements or testimony

Def. Initials _____

of any officers, agents, or employees at any meeting or interview, before the grand jury, or at any trial or any court proceedings;

      (d)  use its best efforts promptly to provide the Government, upon request, any document, record, or other tangible evidence relating to matters or conduct about which the Government or any designated law enforcement agency inquires;

      (e)  bring to the Government's attention all criminal conduct by or criminal investigations of the company or any of its employees (to include senior management) that come to the attention of the company's senior management, as well as any administrative proceeding or civil action, brought by any United States Governmental authority that alleges violations by Defendant;

      (f)  file no motions, make no statements, or take any position whatsoever in relation to any motion that the Government may file regarding a request or recommendation to the Court for an award to be paid to any persons pursuant to 33 U.S.C. § 1908(a); and

      (g)  not retaliate against any crew member who cooperated with the investigation and prosecution of this case, to include any refusal of future employment of a crew member based on the crew member's cooperation.

4.  Defendant agrees that this agreement will be executed by an authorized representative.

5.  The parties have previously executed an Agreement on Security which provides for, among other things, the maintenance of certain crew members. This Agreement on Security remains in effect until final disposition of this matter and related matters.

Def. Initials _____



6.   The Government agrees to (1) defer any other charges based on the same conduct, and (2) not prosecute Defendant thereafter on such deferred charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

II

**NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. The Longshore was a bulk carrier vessel of 400 or more gross tons that was registered in a country other than the United States;

2. NEW TRADE SHIP MANAGEMENT S.A., the defendant corporation, acting through its agents or employees, was a person in charge of machinery space operations for which entries are required to be fully and completely recorded in the Oil Record Book;

3. On or about the date charged, when the Longshore entered the navigable waters, internal waters, and ports of the United States, and while the vessel remained therein, the defendant failed to maintain an Oil Record Book in which the transfers of oily bilge water and the discharges or disposal otherwise of oily bilge water were recorded as required by U.S. law;

4. The defendant corporation, acting through its agents and/or employees, who were acting within the scope of their agency or employment for the benefit of the defendant corporation, acted knowingly.

4

Def. Initials _____

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the Defendant is pleading guilty. The following facts are true and undisputed:

1.   The Defendant. Defendant NEW TRADE SHIP MANAGEMENT S.A. was a company incorporated in The Marshall Islands with its principal place of business located at Vasilissis Sofias 120, Athina 11526, Greece. At all relevant times, NEW TRADE SHIP MANAGEMENT S.A. served as the operator of the bulk carrier vessel Longshore.

2.   The Vessel. The bulk carrier vessel Longshore (International Maritime Organization Number 9450806) was a 23,456 gross ton vessel, registered and operated under the flag state administration of Panama. The Longshore was engaged in international commercial maritime operations transporting cargo to and from San Diego, California, and elsewhere. The Longshore had a "Chief Engineer" assigned as the person in charge of the vessel's engine room, as well as a "Second Engineer," a "Third Engineer," a "Fitter," an "Engineer Cadet," and 2 "Motormen" who assisted the Chief Engineer. The crew members working in the engine room were responsible for, among other things, shipboard control of machinery space waste, to include oily bilge water. The seven crew members working in the engine room were all agents or employees of

5

Def. Initials _____



NEW TRADE SHIP MANAGEMENT S.A., the corporate operator of the Longshore, and they acted within the scope of their agency or employment with NEW TRADE SHIP MANAGEMENT S.A. when serving onboard the Longshore.

3.   The Investigation. On or about February 22, 2022, the U.S. Coast Guard conducted an inspection of the Longshore. During the inspection, a crewmember approached the Coast Guard inspectors and showed them a video of a pneumatic pump and hose system being used to transfer oily bilge water from the vessel's Bilge Holding Tank to the vessel's Sewage Tank, bypassing the vessel's pollution prevention equipment.

4.   In or about October of 2021, a senior engineer directed a subordinate engineer and others to use a pneumatic pump to pump oily bilge water from the Bilge Holding Tank into the Sewage Tank, which was later pumped directly overboard without using the vessel's pollution prevention equipment.

5.   After this transfer of oily bilge water from the Bilge Holding Tank to the Sewage Tank, the senior engineer directed the subordinate engineer to use the vessel's general service/fire pump to pump clean seawater into the Bilge Holding Tank in the same quantity as the amount of oily bilge water that had been transferred to the Sewage Tank. This clean seawater was then processed through the vessel's pollution prevention equipment in order to create a false and misleading electronic record of the equipment having been used.

6.   Between October 9 and November 13, 2021, the pollution prevention equipment was operated four times for a total of over

6



18 hours, during which 27 cubic meters (7,132 gallons) of seawater, corresponding to the amount of oily bilge water transferred from the Bilge Holding Tank to the Sewage Tank, was discharged overboard into the ocean with a recorded average oil content of 0 parts per million.

7.   On or about December 17, 2021, the senior engineer again directed the subordinate engineer and others to use a pneumatic pump to pump oily bilge water from the Bilge Holding Tank into the Sewage Tank, which was later pumped directly overboard without using the vessel's pollution prevention equipment. This incident was captured on the video later provided to the U.S. Coast Guard by one of the crewmembers.

8.   On the following day, December 18, 2021, the senior engineer again directed the subordinate engineer to use the vessel's general service/fire pump to pump clean seawater into the Bilge Holding Tank in the same quantity as the amount of oily bilge water that had been transferred to the Sewage Tank. This clean seawater was then processed through the vessel's pollution prevention equipment in order to create a false and misleading electronic record of the equipment having been used. The pollution prevention equipment's electronic record shows that the system was operated for over 5 hours on this day and recorded the oil content of the effluent processed as averaging 0 parts per million over the course of the operation, with 9.4 cubic meters (2,483 gallons) of seawater being discharged overboard into the ocean.

9.   On or about February 18, 2022, the vessel came into port in San Diego, California. On February 22, 2022, the senior engineer

7

Def. Initials _____



was interviewed by the U.S. Coast Guard, and denied any knowledge of or involvement with transferring oily bilge water from the Bilge Holding Tank to the Sewage Tank and discharging oily bilge water from the Sewage Tank directly into the ocean, bypassing the vessel's pollution prevention equipment.

10.   On or about February 18, 2022, when the Longshore called at the port of San Diego, California, the vessel's crew knowingly failed to maintain an accurate Oil Record Book in violation of 33 U.S.C. § 1908(a), as the above mentioned internal transfers of oily bilge water and the overboard discharge of oily bilge water from the Sewage Tank were not recorded in the vessel's Oil Record Book.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a maximum five years of probation for an organization;

B.   a fine which is the greater of $500,000 or twice the amount of gross gain or loss;

C.   a mandatory special assessment of $400 per count; and

D.   an obligation to pay any applicable interest or penalties on fines and restitution not paid at the time of sentencing.

### IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

8

Def. Initials _____



B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses; and

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutors in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable Government benefits. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation in another case; debarment from Government contracting; and suspension or revocation of a

9

Def. Initials _____

professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's agents or employees to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA & ENVIRONMENT AND NATURAL RESOURCES DIVISION

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and the Environment and Natural Resources Division of the United States Department of Justice, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), and the Federal Sentencing Guidelines, except that the fine calculations for environmental offenses are not governed by USSG § 8C2.1.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by

10

Def. Initials _____



statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

X

<u>PARTIES' SENTENCING RECOMMENDATIONS</u>

A.    <u>SENTENCING GUIDELINE CALCULATIONS</u>

As stated above, this case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), and the Federal Sentencing Guidelines, except that the fine calculations for environmental offenses are not governed by USSG § 8C2.1.

B.    <u>NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

Defendant may not request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

C.    <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

D.    <u>SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE</u>

11

Def. Initials _____



1          1.   Special Assessment

2        The parties will jointly recommend that Defendant pay a special

3 assessment in the amount of $400.00 per felony count of conviction to

4 be paid forthwith at time of sentencing. Special assessments shall be

5 paid through the office of the Clerk of the District Court by bank or

6 cashier's check or money order made payable to the "Clerk, United States

7 District Court."

8          2.   Fine

9        The parties will jointly recommend that Defendant pay a fine of

10 $1,100,000. The Defendant agrees and stipulates that this amount is

11 consistent with 18 U.S.C. § 3571 and that the fine has been properly

12 calculated as representing twice the gain to defendant. Defendant

13 recognizes and agrees that it will not seek to have payment of any

14 monies pursuant to this plea agreement treated as a tax-deductible

15 donation; nor will Defendant make any public statement classifying any

16 payments as voluntary contributions; nor will Defendant seek to gain

17 any benefit in other claims or litigation. The parties further agree

18 that the entire $1,100,000 fine and the $400 special assessment shall

19 be paid within 30 days of sentencing.

20          3.   Restitution

21        The parties are not aware of any identifiable victim of the offense

22 for which restitution is appropriate, and therefore will jointly

23 recommend that no restitution be ordered in this case.

24          4.   Forfeiture

25        Federal law states Defendant must forfeit to the United States all

26 property, real and personal, which constitutes or is derived from

27 proceeds obtained directly or indirectly from the offense. The parties

28

12

Def. Initials _____

1  are not aware of any property subject to forfeiture in this case, and
2  will jointly recommend that no property of the Defendant be forfeited.
3      E.    PROBATION
4      The parties agree and will recommend to the Court that Defendant
5  serve a period of probation of 4 years from the date of execution of
6  sentence. During the probationary period, Defendant agrees to fund and
7  implement a comprehensive Environmental Compliance Plan (ECP), included
8  as Attachment A to this plea agreement. Implementation of the ECP is a
9  condition of probation. In the event the Court, in consultation with
10  the United States Attorney's Office for the Southern District of
11  California, the Environment and Natural Resources Division of the United
12  States Department of Justice, the United States Probation Office, and
13  Defendant, determines that Defendant has failed to either
14  satisfactorily implement the ECP or has violated the terms of the ECP,
15  the probationary term may be extended for a period to be determined by
16  the Court.
17      F.    PRE-SENTENCE REPORT
18      The parties agree to recommend to the Court that the preparation
19  of a Pre-Sentence Report be waived in this case, and that the matter be
20  set for sentencing promptly following the plea, as the Court's schedule
21  permits.
22                                XI
23          DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK
24      Defendant waives (gives up) all rights to appeal and to
25  collaterally attack every aspect of the conviction and sentence. This
26  waiver includes, but is not limited to, any argument that the statute
27  of conviction or Defendant's prosecution is unconstitutional and any
28

13

Def. Initials _____

argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

       1.    Failing to plead guilty pursuant to this agreement;

       2.    Failing to fully accept responsibility;

       3.    Failing to appear in court;

       4.    Attempting to withdraw the plea;

       5.    Failing to abide by any court order related to this case;

       6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement;

       7.    Engaging in additional criminal conduct from the time of arraignment until the time of sentencing.

14

Def. Initials _____



8.   Filing any motions, making any statements, or taking any position whatsoever in relation to any motion that the Government may file regarding a request or recommendation to the Court for an award to be paid to any persons pursuant to 33 U.S.C. § 1908(a).

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by representatives of the Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement,

15

Def. Initials _____



but later pursues because of a breach by the Defendant. Additionally,
Defendant knowingly, voluntarily, and intelligently waives any argument
that the statements and any evidence derived from the statements should
be suppressed, cannot be used by the Government, or are inadmissible
under the United States Constitution, any statute, Rule 410 of the
Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the
parties and supersedes any other agreement, written or oral. No
modification of this plea agreement shall be effective unless in writing
signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant and
all members of the defendant organization have read it. Defendant and
all of the members of the defendant organization have discussed the
terms of this agreement with defense counsel and fully understand its
meaning and effect.

### XV

### DEFENDANT SATISFIED WITH COUNSEL

The members of the defendant organization have consulted with
counsel and are satisfied with counsel's representation. This is
Defendant's independent opinion, and Defendant's counsel did not advise
Defendant about what to say in this regard.

16

Def. Initials _____

```
 1                                 RANDY S. GROSSMAN
                                   Acting United States Attorney
 2

 3      August 4, 2021             Melanie K Pierson
        ─────────────────────      ─────────────────────────────
 4      DATED                      MELANIE K. PIERSON
                                   Assistant U.S. Attorney
 5

 6                                 TODD KIM
                                   Assistant Attorney General
 7                                 Environment & Natural Resources Division

 8      August 4, 2022             Stephen Q. Ponte
        ─────────────────────      ─────────────────────────────
 9      DATED                      STEPHEN DA PONTE
                                   Senior Trial Attorney
10

11      ─────────────────────      ─────────────────────────────
12      DATED                      GEORGE M. CHALOS
                                   Defense Counsel

13      IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
        PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
14      ARE TRUE.

15      19 JULY 2022               ─────────────────────────────
16      DATED                      For Defendant
                                   NEW TRADE SHIP MANAGEMENT S.A.
17
                                   ELEONORA PERTESI
18
                                   ATTORNEY IN FACT.
19

20

21

22

23

24

25

26

27

28
                                   17
                                                  Def. Initials _____
```