RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
Assistant United States Attorney
California State Bar No. 112520
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7976/Fax: (619) 546-0631
Email: melanie.pierson@usdoj.gov

TODD KIM
Assistant Attorney General
STEPHEN DA PONTE
Senior Trial Attorney
Florida Bar No. 58454
150 M Street, N.E.
Washington, D.C. 20002
Telephone: (202) 305-2729
Email: Stephen.DaPonte@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEW TRADE SHIP MANAGEMENT S.A. (1) and DENNIS PLASABAS (2),<br><br>Defendants. | Criminal Case No. 22-CR-1802-JO<br>Date: September 9, 2022<br>Time: 9:30 a.m.<br><br>The Hon. Jinsook Ohta<br><br>**GOVERNMENT MOTION FOR WHISTLEBLOWER AWARD** |

COMES NOW plaintiff, the UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, Melanie K. Pierson, Assistant United States Attorney, Todd Kim, Assistant Attorney General, and Stephen Da Ponte, Senior Trial Attorney, and hereby respectfully moves this Court to grant this Motion for Whistleblower Award. This motion is based on the files and records of this case, and the points and authorities below.

**PROCEDURAL HISTORY & SUMMARY OF REQUEST**

The acceptance of the plea for *U.S. v. New Trade Ship Management S.A. and Dennis Plasabas*, 22-CR-1802, occurred on August 9, 2022, and the defendants were sentenced on September 9, 2022. The United States respectfully moves the Court to award $550,000 (USD), attributable to New Trade Ship Management S.A. ("New Trade") for a violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) ("APPS")[1], to Roberto Lequigan, the whistleblowing former crewmember from the *M/V Longshore*. For the reasons explained below, the government believes this amount will appropriately reward Mr. Lequigan for the information that resulted in this prosecution and is commensurate with other prior awards. New Trade has agreed, pursuant to the plea agreement, not to oppose this motion. Doc. 7 at 3.

**PORTION OF FINE AVAILABLE AS AN APPS AWARD**

Section 1908(a) of APPS provides that "[a] person who knowingly violates the MARPOL Protocol, this chapter, or the regulations issued thereunder commits a class D felony. In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction." Since New Trade was convicted of violating APPS and sentenced to pay a fine of $1,100,000, the total amount of $550,000 is available as an award.

**IMPORTANCE OF AN APPS AWARD**

The APPS award provision serves a valuable law enforcement purpose by encouraging those most likely to know of illegal conduct to report it and cooperate with law enforcement. Because the discharge of oily bilge water typically takes place in the middle of

[1] APPS is the domestic implementation of the International Convention on the Prevention of Pollution from Ships which is commonly referred to as "MARPOL" – shorthand for "maritime pollution."

the ocean in international waters, the only persons likely to know about the conduct and the falsification of a vessel's Oil Record Book are the crewmembers. Absent crewmembers with firsthand knowledge of the illegal conduct coming forward, APPS violations are otherwise extremely difficult to uncover. Further, a crewmember who reports illegal conduct faces potential reprisal, such as the likelihood that he will lose gainful employment and be barred—whether formally or informally—from working in the marine shipping industry in the future. A substantial monetary award, as provided by APPS, both rewards crew members for taking those risks and provides an incentive for other crew members to come forward and report illegal conduct on vessels in the future.

**ASSISTANCE PROVIDED BY THE WHISTLEBLOWER**

On February 22, 2022, during the U.S. Coast Guard's ("USCG") Port State Control Examination of the *M/V Longshore*, Roberto Lequigan, the vessel's Third Engineer, showed the USCG inspectors a video that he had secretly, taken documenting the illegal transfer of oily bilge water from the vessel's Bilge Holding Tank to the Sewage Tank, bypassing required pollution prevention equipment. Lequigan also reported to the USCG inspectors that the oily bilge water had later been discharged directly into the ocean from the Sewage Tank. Furthermore, Lequigan reported that this type of transfer (bypassing required pollution prevention equipment) and subsequent discharge directly into the ocean had occurred on more than one occasion, and was carried out on the orders of the vessel's chief engineer, Dennis Plasabas. Lequigan also assisted the USCG by directing them where to find the pump and hoses used to make the transfers, and then by hooking up the pump and hose system so that the USCG could see how it had been set up. Based on this information,

the USCG expanded its examination of the *M/V Longshore* and discovered additional evidence to substantiate Lequigan's allegations. Based on the information provided by Lequigan and combined with the additional evidence the USCG gathered, New Trade quickly entered into negotiations with the government to resolve the matter. Ultimately, New Trade pleaded guilty to violating APPS, and must pay a substantial fine of $1,100,000, be placed on probation for four years, and is required to implement a comprehensive Environmental Compliance Plan. Additionally, and also as a direct result of the information provided by Lequigan, Chief Engineer Dennis Plasabas pleaded guilty to violating APPS and was sentenced to 12 months in custody. It is highly likely that absent the whistleblower information provided by Lequigan to the USCG, the illegal conduct occurring onboard the *M/V Longshore* may never have been discovered.

**<u>HISTORICAL APPS AWARD PAYMENTS</u>**

There have been dozens of APPS award payments made over the years. The amounts have generally ranged from $150,000 to $500,000[2] and are on occasion split between two or more whistleblowers.[3] In larger cases, the award amount is generally higher. In *U.S. v.*

[2] Many awards over the years did not include a tax withholding. As discussed in greater detail below, this is something that is now routinely required and has in other cases been determined to be 30% of the award amount.

[3] *United States v. Diana Wilhelmsen Management Limited,* 2:21-cr-00020, 31 (E.D.V.A. 2021): award of $450,000 divided evenly between three crew members. *United States v. Misuga Kaiun Co. Ltd.*, 6:20-cr-103, 29 (M.D. Fla. 2020): award of $375,000 to one crewmember whistleblower, half of the amount available. *United States v. Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd.*, 1:20-cr-4, 28 (D. Haw. 2020): award of $300,000 to one crewmember whistleblower, two-thirds of the amount available. *United States v. Unix Line Pte. Ltd.*, No. 4:19-cr-559, 68 (N.D. Cal. 2020): award of $412,500, the maximum amount available, each to two crewmember whistleblowers. *United States v. Portline Bulk International, S.A.*, No. 19-CR-00434 (D.S.C. 2019): award of $500,000, the maximum amount available, divided between three crewmembers ($200,000, $150,000, and $150,000). *United States v. Aegean Shipping Management, S.A.*, No. 16-CR-00551 (D.S.C. 2017): award of $500,000, the maximum amount available, divided between three crewmembers ($250,000, $150,000, and $100,000). *United States v. DSD Shipping, AS*, No. 15-CR-00102 (S.D. Ala. 2016): award of $750,000, the maximum amount available, divided equally between two crewmembers. *United States v. Marine Managers Ltd.*, No. 14-CR-00118 (E.D. La. 2015): award of $200,000, the maximum amount available, divided equally between two crewmembers. *United States v. Diana Shipping Services S.A.*, No. 13-CR-00040 (E.D. Va. 2013): award of $150,000, the maximum amount

*Columbia Shipmanagement Ltd.*, 2:13-cr-193 (D.N.J. 2013), the conduct involved four vessels in three districts and the defendant company was sentenced to a fine of $10,400,000. The government sought for $1,000,000 to be paid as a whistleblower award to be split amongst nine crewmembers from different ships. The Court granted the motion and awarded each of the cooperating crewmembers $111,111. *Columbia*, 2:13-cr-193, ECF Doc. 15.

In *U.S. v. Pacific Carriers Limited*, 4:20-cr-87, 90 & 98 (E.D.N.C. 2020), the corporate defendant was convicted of several APPS counts (along with other counts) in three judicial districts and ordered to pay a fine of $12,000,000. The government moved for the payment of $1,000,000 to a single whistleblower which the court granted. *Pacific Carriers Limited*, 4:20-cr-90, Rec. Doc. 30.

In *Wallenius Shipmanagement Pte. Ltd.*, 2:06-cr-00213 (D.N.J. 2006), the corporate defendant was convicted of APPS crimes related to the discharge of oily bilge water and garbage, along with obstruction of justice, within a single judicial district and ordered to pay a fine of $5,000,000 which was apportioned only to the APPS counts. *Wallenius*, 2:06-cr-213, ECF Doc. 18. The Court awarded four whistleblower crewmembers $625,000 each, for a total award amount of $2,500,000.

In *U.S. v. Princess Cruise Lines Ltd.*, 1:16-cr-20897 (S.D. Fla. 2017), the defendant

---

available, divided equally between two crewmembers. *United States v. Giuseppe Bottiglieri Shipping Company S.P.A., et al.*, No. 12-CR-00057 (S.D. Ala. 2012): award of $500,000, the maximum amount available, split between five crewmembers in varying amounts. *United States v. Odysea Carriers, S.A., et al.*, No. 12-CR-00105 (E.D. La. 2012): award of $183,000, the maximum amount available, to one crewmember. *United States v. Target Ship Management Pte. Ltd., et al.*, No. 11-CR-00368 (S.D. Ala. 2012): award of $250,000, the maximum amount available, split between seven crewmembers in varying amounts. *United States v. Ilios Shipping Company S.A., et al.*, No. 11-CR-00286 (E.D. La. 2012): award of $350,000, the maximum amount available, to one crewmember. *United States v. Keoje Marine Co. Ltd., et al.*, No. 11-CR-01258 (D. Haw. 2012): award of $150,000, the maximum amount available, paid to one crewmember.

corporation was prosecuted for various crimes including MARPOL/APPS and assessed a criminal penalty of $40,000,000. Of that amount, $2,000,000 was allocated to four APPS counts. There was one whistleblower in the case and he was awarded $1,000,000. *Princess*, 1:16-cr-20897, ECF Doc. 29.

The largest APPS award payment to one whistleblower was in the case of *U.S. v. OMI Corporation, et. al.*, 2:04-cr-60, (D.N.J. 2004). The defendant was convicted of APPS crimes and fined $4,200,000. The Court awarded the whistleblower $2,100,000.

**TAX WITHOLDING**

The Proposed Order directs the payment of the award to Mr. Lequigan less any withholding tax that must be sent to the Internal Revenue Service. In recent cases where a whistleblower award was granted, the Administrative Office of the United States Courts ("AO") determined that the whistleblower award was subject to a 30% tax withholding. The Government believes that any award to Mr. Lequigan may also be subject to the same 30% tax withholding. Therefore, if the Court awards $550,000 in this case, and 30% is withheld, Mr. Lequigan would receive an award of $385,000. In order to protect the personal financial information of Roberto Lequigan, the Proposed Order includes a provision that directs the Government to provide the electronic bank routing and account information to the Clerk under separate cover so that information is not made public.

//

//

**CONCLUSION**

The Government respectfully requests this Honorable Court exercise its discretion

pursuant to APPS, grant this motion, and award $550,000 to Roberto Lequigan, subject to any tax withholding as determined by the AO. The Government believes this amount is proper given the nature and circumstances of this case and is commensurate with other similarly situated awards.

Dated: September 9, 2022.

Respectfully submitted

RANDY S. GROSSMAN,
United States Attorney

s/ *Melanie K. Pierson*
MELANIE K. PIERSON
Assistant U.S. Attorney

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

s/ *Stephen Da Ponte*
STEPHEN DA PONTE
Senior Trial Attorney